UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:22-cv-81751-WPD

DANIEL LUGO,

    Plaintiff,

v.

MANAGER 205 LLC,

    Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant, MANAGER 205 LLC, by and through its undersigned attorneys, and hereby files its Answer and Affirmative Defenses to Plaintiff, DANIEL LUGO's Complaint, and in support thereof states as follows:

### JURISDICTION

1.    Defendant admits that the Court has subject-matter jurisdiction but denies the remaining allegation contained in paragraph 1 of the Complaint.

### VENUE

2.    Defendants admit that venue is proper but denies the remaining allegations contained in paragraph 2 of the Complaint.

### PARTIES

3.    Without knowledge, therefore denied.

4.    Admit.

### CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

5. The allegations set forth in paragraph 5 of the Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

6. The allegations set forth in paragraph 6 of the Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

7. The allegations set forth in paragraph 7 of the Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

8. Defendant admits The Blanc is a place of public accommodation but denies the remaining allegations.

9. Denied.

10. Without knowledge, therefore denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. While the Court has the authority to grant an injunction, the Defendant denies entitlement to the same.

## **AFFIRMATIVE DEFENSES**

1. Defendant affirmatively asserts that Plaintiff has not suffered any actual damages.

2. Defendant affirmatively asserts that Plaintiff's claims under the Americans with Disabilities Act that Defendant failed to reasonably accommodate his "handicap" and/or "disability" are barred because the accommodation requested by Plaintiff would cause an undue financial and/or administrative burden on Defendant.

3. Defendant affirmatively asserts, as to Plaintiff's claims under the Americans with Disabilities Act, that the requested accommodation is not necessary to afford Plaintiff an equal opportunity to use and enjoy the subject property.

4. The Defendant affirmatively states that the Plaintiff has demanded modifications to the website in question that would cause the Defendant an undue hardship.

5. The Defendant affirmatively states that the Plaintiff sought access to Defendant's premises not for the purpose of obtaining the goods and services therein, but as a "tester" of compliance with the ADA and for the purposes of gathering evidence for the prosecution of this action, and any agreements with his counsel for the payment of attorney's fees are contrary to Florida law and his claim for attorney's fees should be denied. *See* Rodriguez v. Investco, LLC, 305 F. Supp. 2d 1278 (M.D. Fla. 2004).

6. The Defendant affirmatively states that at all times material hereto it has made a good faith effort to comply with requirements of the American With Disabilities Act and Defendant has reasonable grounds to believe its actions and/or inactions are in compliance with all applicable statutes.

7. Defendant affirmatively asserts that Plaintiff's claim for injunctive relief is barred because Plaintiff has an adequate remedy at law.

8. Defendant affirmatively asserts that Plaintiff was required to mitigate his damages and failed to make reasonable efforts to mitigate damages and therefore is not entitled to such in this action.

9. The Defendant specifically reserves the right to amend the Affirmative Defenses pled above and to assert additional Affirmative Defenses that become known to it during the course of discovery.

**WHEREFORE**, the Defendant requests all relief to which it is entitled, including attorneys' fees and costs pursuant to 42 U.S.C. § 12205, and any other relief the Court deems just and proper.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on January 5, 2023, we electronically filed the foregoing document with the Clerk of the Court using EM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> COLE, SCOTT & KISSANE, P.A.
> Attorneys for Defendant
> 222 Lakeview Ave., Suite 120
> West Palm Beach, Florida 33401
> Telephone: (561) 383-9203
> Facsimile: (561) 683-8977
> E-mail: justin.sorel@csklegal.com
> Email: loren.ryan@csklegal.com
>
> By:  /s/ *Justin C .Sorel*
>         JUSTIN C. SOREL
>         FBN: 0016256

**SERVICE LIST**
Drew M. Levitt, Esq.
Lee D. Sarkin, Esq.
4700 N.W. Boca Raton Blvd., Ste. 302
Boca Raton, FL 33431
Telephone (561) 994-6922
drewmlevitt@gmail.com
LSarkin@aol.com